UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Patricia Johnson, | ) | CASE NO. 1: 16 CV 1924 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| City of Cleveland Heights, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

*Pro se* petitioner Patricia Johnson has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Although her petition is unclear, she seeks to overturn a 2015 traffic conviction against her in the Cleveland Municipal Court on the basis of various alleged constitutional rights violations.

Pursuant to Rule 4 of the Rules Governing §2254 Cases, a federal district court is required to examine a habeas petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

This petition must be summarily dismissed. A federal district court may entertain a petition

for a writ of habeas corpus under §2254 "only on the ground that [the person] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§2254(a). To satisfy the "in custody" requirement, a petitioner must be in state custody under the conviction or sentence being challenged at the time a petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Although a petitioner need not be physically confined to satisfy the "in custody" requirement, the actual or potential restraint on his or her liberty must be severe and immediate, such as when a petitioner is released on parole, probation, or bail. *See May v. Guckenberger*, No. C-1-00-794, 2001 WL 1842462, at *2 (S.D. Ohio Apr. 26, 2001) (citing cases). Collateral consequences of a conviction, and a conviction resulting only in a cash fine or a short-lived suspension of privileges, are insufficient to demonstrate the severe restraint on liberty necessary to satisfy the "in custody" requirement. *See id.*

Although petitioner asserts she has suffered "indefinate [sic] incarceration and impoundment/loss of motor vehicles" as a result of her conviction, it is apparent on the face of her petition that she was not imprisoned, or otherwise subjected to a severe and immediate restraint on her liberty under the challenged municipal court conviction at the time she filed this petition.

Accordingly, the "in custody" prerequisite for federal habeas jurisdiction is not satisfied, and the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b).

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _August 5, 2016_